IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN DANIEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-250-E |
| | § | |
| LOGOPLASTE, AND DOES 1-25 | § | |
| INCLUSIVE, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Steven Daniel filed a petition in state court on December 23, 2024 alleging claims (1) of disparate treatment and retaliation under Title VII of the Civil Rights Act of 1964 and Chapter 21 of the Texas Labor Code, (2) under the Occupational Safety and Health Act and the Texas Whistleblower Act, and (3) for breach of an implied contract and intentional infliction of emotional distress ("IIED"). *See* Dkt. No. 1, Ex. 2; *cf. Reed v. Neopost USA, Inc.*, 701 F.3d 343, 437 (5th Cir. 2012) (noting that Chapter 21 was formerly known as the Texas Commission on Human Rights Act (the "TCHRA"), a term some courts and parties continue to use).

Defendant Logoplaste Dallas LLC (incorrectly named in the state court petition) removed under the Court's federal-question subject-matter jurisdiction. *See* Dkt. No. 1.

Logoplaste then moved to dismiss Daniel's complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 6-8. And, after Daniel responded, Logoplaste replied, and the Court denied Daniel leave to file a sur-reply, *see* Dkt. Nos. 11-13 &

15, United States District Judge Ada Brown referred the motion to dismiss to the undersigned United States magistrate judge for recommendation under 28 U.S.C. § 636(b), *see* Dkt. No. 14; 28 U.S.C. § 636(b)(1).

For the reasons set out below, the undersigned recommends that the Court grant the motion.

## Legal Standards

Considering a motion under Rule 12(b)(6), the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *cf. Bryant v. Ditech Fin., L.L.C.*, No. 23-10416, 2024 WL 890122, at *3 (5th Cir. Mar. 1, 2024) ("[J]ust as plaintiffs cannot state a claim using speculation, defendants cannot defeat plausible inferences using speculation.").

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557); *see, e.g.*, *Parker v. Landry*, 935 F.3d 9, 17 (1st Cir. 2019) (Where "a complaint reveals random puffs of smoke but nothing resembling real signs of fire, the plausibility standard is not satisfied.").

And, while Federal Rule of Civil Procedure 8(a)(2) does not mandate detailed factual allegations, it does require that a plaintiff allege more than labels and conclusions, and, so, while a court must accept a plaintiff's factual allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Consequently, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) ("[T]he court does not 'presume true a number of categories of statements, including legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021))).

And, so, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per

curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

But pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)).

And, "[w]hen an allegation is contradicted by the contents of an exhibit attached to the pleading," "the exhibit and not the allegation controls." *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (cleaned up; quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011).

But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g.*, *Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action

not contained in the pleadings." (citations omitted)).

## Analysis

I.    The Court should dismiss Daniel's disparate-treatment and retaliation claims
      under Title VII and Chapter 21.

In general, "[c]ourts apply the same standards when analyzing claims under

Title VII and Chapter 21 of the Texas Labor Code." *Mott v. Schneider Elec. Sys., USA,*

*Inc.*, No. 4:24-cv-3084, 2025 WL 1549461, at *2 (S.D. Tex. May 30, 2025) (citing

*Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004)).

But different standards can apply when courts consider whether such claims

have been timely exhausted:

> In Texas, which has a state fair employment agency (the Texas
> Workforce Commission – "TWC") that has a work-sharing agreement
> with the EEOC, a Title VII plaintiff must file a charge of discrimination
> with the EEOC within 300 days of the alleged discriminatory act. *Fort
> Bend Cnty., Tex. v. Davis*, 587 U.S. 541, 544 (2019). "The time period
> generally begins to run when the employee receives notice of the
> allegedly discriminatory decision, not when the employment actually
> ceases." *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir.
> 1992). Failure to file a charge with the EEOC and exhaust
> administrative remedies before filing a Title VII action will result in
> dismissal. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir.
> 1996). The TCHRA also requires a plaintiff to exhaust administrative
> remedies, and the relevant time period is shorter: 180 days rather than
> 300. TEX. LAB. CODE § 21.202(a); *see also Hinkley v. Envoy Air, Inc.*, 968
> F.3d 544, 552-53 (5th Cir. 2020). Filing a charge with the EEOC satisfies
> the complaint-filing requirement for the TCHRA, but the 180-day time
> limit under the TCHRA still applies. *Griffin v. City of Dall.*, 26 F.3d 610,
> 612-13 (5th Cir. 1994); *see also Adams v. DaimlerChrysler Servs. NA
> LLC*, 252 F. App'x 681, 683 (5th Cir. 2007) (affirming district court's
> dismissal of TCHRA claims as time-barred when those claims accrued
> more than 180 days before the plaintiff filed her EEOC charge).

*Doe v. Univ. of Tex. M.D. Anderson Cancer Ctr.*, 653 F. Supp. 3d 359, 371 (S.D. Tex.

2023) (cleaned up); *accord Trevino v. Mouser Elecs.*, No. 4:22-cv-610-P, 2023 WL

3984668, at *3 (N.D. Tex. May 11, 2023), *rec. accepted*, 2023 WL 3984840 (N.D. Tex. June 13, 2023).

The purpose of exhaustion "is to facilitate the administrative agency's investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2019) (quoting *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012)). Administrative exhaustion therefore "provides an opportunity for voluntary compliance before a civil action is instituted." *Id.*; *cf., e.g.*, *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) ("To exhaust, a plaintiff must file a timely charge with the EEOC and then receive a notice of the right to sue." (citation omitted)).

But these "charge-filing instruction[s are] not jurisdictional…. [Instead,] they are properly ranked among the array of claim-processing rules that must be timely raised to come into play." *Davis*, 587 U.S. at 543-44; *see also Hinkley*, 968 F.3d at 554 (concluding that "Texas Labor Code § 21.202's 180-day filing requirement is mandatory but not jurisdictional").

That is, "[f]ailure to exhaust is an affirmative defense that should be pleaded." *Davis*, 893 F.3d at 307 (citations omitted).

And Daniel does plead that he filed a charge of discrimination with the EEOC "within 180 days after [he] was terminated" and that "[a] Right to Sue has been issued on the Charge." Dkt. No. 1-1 at 15, ¶¶ 41-44.

And, while Daniel does not attach the charge to the complaint, the Court may still take judicial notice of the charge, filed with the motion to dismiss [Dkt. No. 8,

Ex. A], "as a matter of public record." *King v. Life School*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011) (taking judicial notice of the charge to address exhaustion raised in a motion to dismiss); *see also Prewitt v. Cont'l Auto.*, 927 F. Supp. 2d 435, 447-48 (W.D. Tex. 2013) (same; collecting cases); *West v. R&K Enters. Solutions*, No. 3:23-cv-1371-G-BN, 2024 WL 3891533, at *5 (N.D. Tex. July 19, 2024) ("[E]ven if not referenced in the complaint and central to West's claims, the Court can take judicial notice of the EEOC charge as a public record." (citing *King*, 809 F. Supp. 2d at 579 n.1)), *rec. accepted*, 2024 WL 3891838 (N.D. Tex. Aug. 21, 2024); *Golden v. Mgmt. & Training Corp.*, 319 F. Supp. 3d 358, 366 n.2 (D.D.C. 2018) ("In employment discrimination cases, courts often take judicial notice of EEOC charges and EEOC decisions." (collecting cases)); *cf. Boshears v. Polaris Eng'g*, No. 3:22-cv-00053, 2023 WL 2844930, at *3 (S.D. Tex. Mar. 27, 2023) (refusing to take judicial notice of the Charge Detail Inquiry where the parties disputed its application to the timeliness of plaintiff's complaint), *rec. adopted*, 2023 WL 3305165 (S.D. Tex. May 8, 2023).

Through the charge that Daniel filed on December 26, 2024 – three days after his filed this action in state court – Daniel alleges that he was terminated on June 7, 2024 – more than 180 days prior to his filing the charge. *See* Dkt. No. 8 at 4-5.

And, to the extent that the charge itself conflicts with Daniel's allegations that it "was filed within 180 days after [he] was terminated" and that this lawsuit was filed after "[a] Right to Sue [was] issued on the Charge," Dkt. No. 1-1 at 15, ¶¶ 42 & 43, like an exhibit that is part of the pleadings, the Court need not accept procedural or temporal allegations of fact that are disproved by a document that is subject to

judicial notice and thus may be considered under Rule 12(b)(6)'s standards, *cf.*
*Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2011 WL 3567419, at *9 (N.D. Tex. Aug.
15, 2011) (*Simmons* "instruct[s] that a genuine conflict between the complaint and a
pleading exhibit requires that the court accept the exhibit rather than the factual
allegations as true.").

So, based on the established Rule 12(b)(6) framework of what may be
considered and how a court resolves conflicts within that material, Daniel failed to
initiate – and thus failed to exhaust – administrative remedies prior to instituting
this civil action. The Title VII and Chapter 21 claims should be dismissed for this
reason alone. *See, e.g.*, *Greggs v. Autism Speaks, Inc.*, 935 F. Supp. 2d 9, 13 (D.D.C.
2013) ("Because plaintiff deprived the EEOC of the opportunity to resolve the present
matter administratively, her claims under Title VII … in this court must be dismissed
for failure to exhaust administrative remedies." (citations omitted)); *see also Morgan
v. Bray*, 1:23-CV-72-MPM-DAS, 2024 WL 780421, at *1 (N.D. Miss. Feb. 26, 2024) ("It
is undisputed that Dr. Morgan failed to administratively exhaust her claims before
filing this lawsuit. This precludes the Court from considering her claims.").

And the Court must dismiss the Chapter 21 claims with prejudice since Daniel
failed to file a charge within 180 days of his termination. *See, e.g.*, *Clark v. Champion
Nat'l Sec., Inc.*, 952 F.3d 570, 586 n.5 (5th Cir. 2020) ("Clark also asserted disability-
based harassment claims under the Texas Labor Code, pursuant to which a charge
'must be filed not later than the 180th day after the date the alleged unlawful
employment practice occurred.' TEX. LAB. CODE § 21.202(a). As the district court

explained, '[a] charge filed with the EEOC, more than 180 days after the occurrence of an alleged unlawful employment practice under the [TCHRA], is subject to dismissal as time-barred. *See Adams v. DaimlerChrysler Servs. NA LLC*, 252 F. App'x 681, 683 (5th Cir. 2007).' Clark filed his EEOC charge on January 10, 2017. Applying the limitation imposed by the TCHRA, the district court concluded that 'all state law claims arising before July 14, 2016[ ] must be dismissed as time-barred.' We agree with the district court's analysis." (cleaned up)).

And, even if Daniel had exhausted his Title VII claims and timely exhausted his Chapter 21 claims, they remain subject to dismissal as not plausibly pleaded.

Treating the federal- and state-law claims as substantively the same and analyzing them under Title VII, that statute's "disparate-treatment provision bars employers from intentionally discriminating against their employees on the basis of race, color, religion, sex, or national origin." *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. ___, 145 S. Ct. 1540, 1545 (2025) (citing 42 U.S.C. § 2000e-2(a)(1))); *cf.* TEX. LAB. CODE § 21.001(1) (observing that the first "general purpose[] of this chapter" is to "provide for the execution of the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments").

42 U.S.C. § 2000e-3(a), "[t]he antiretaliation provision of Title VII[,] prohibits an employer from discriminating against an employee or job applicant because that individual opposed any practice made unlawful by Title VII or made a charge, testified, assisted, or participated in a Title VII proceeding or investigation." *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 507-08 (5th Cir. 2024) (quoting *Brown v.*

*Wal-Mart Stores E., L.P.*, 969 F.3d 571, 576-77 (5th Cir. 2020), as revised (Aug. 14, 2020)).

And, when a court applies Rule 12(b)(6)'s standards to a Title VII claim, the complaint "need not contain specific facts establishing a prima facie case of discrimination [or retaliation] under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (cleaned up); *accord Hamilton v. Dall. Cnty.*, 79 F.4th 494, 502 n.45 (5th Cir. 2023) (en banc).

"But a plaintiff is still required to plead sufficient facts *on all of the ultimate elements* of [each] claim." *Norsworthy*, 70 F.4th at 336 (cleaned up; emphasis in original).

And, at this stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim ... : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* [a] protected status.'" *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); emphasis in *Cicalese*).

That is,

> [a] complaint need not allege each prong of the prima facie test for disparate treatment ... ; to support a disparate treatment ... , though, it must plausibly set out facts that the defendant took the adverse employment action against a plaintiff *because of* [a] protected status. [Accordingly, a] plaintiff must allege facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees [not of the plaintiff's protected status] more favorably.

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509,

at *5 (5th Cir. Nov. 24, 2021) (per curiam) (cleaned up; emphasis in original).

"Similarly, for a retaliation claim, a plaintiff only needs to plausibly 'allege facts going to the ultimate elements of the claim to survive a motion to dismiss.'" *Smith v. Kendall*, No. 23-50713, 2024 WL 4442040, at *4 (5th Cir. Oct. 8, 2024) (per curiam) (quoting *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021)). And those "ultimate elements" are "that 1) [the plaintiff] engaged in protected activity, 2) she suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action." *Wright*, 990 F.3d at 433 (cleaned up).

Daniel fails to plead a plausible disparate-treatment claim where he alleges no facts from which the Court may infer that he was discriminated against because of race, color, religion, sex, or national origin. And Daniel's retaliation claim is similarly defective because no allegations allow for a reasonable inference that he engaged in protected activity. *See, e.g.*, Dkt. No. 8 at 4 (EEOC charge) ("Steven Daniel was subjected to unlawful employment practices by Logoplaste in violation of Texas and federal laws. Hired as a Material Handler, Mr. Daniel was compelled to perform duties beyond his job scope, including operating unsafe machinery without proper training or compensation. He reported unsafe working conditions and discriminatory treatment, which he claims violated OSHA regulations and Title VII protections. Following his complaints, Mr. Daniel was unlawfully terminated in retaliation for his protected activities, causing significant financial, emotional, and professional harm.").

While Daniel may not amend his claims through his response to the motion to dismiss, that response does help the Court better understand the protected class to which Daniel claims he belongs, the protected activity in which Daniel claims he engaged, and why he believes his allegations plausibly plead claims under Title VII and Chapter 21. For example, Daniel contends that,

> "[w]hile it is true that Title VII and the Texas Labor Code prohibit discrimination based on specific protected categories such as race, color, religion, sex, national origin, age, and disability, Plaintiff does not need to identify a protected category explicitly in every instance in order to make a valid claim. In this case, Plaintiff has sufficiently alleged discriminatory treatment related to his position as a contract employee, which is tied to the discriminatory and retaliatory actions taken by Defendant. Although Defendant asserts that Plaintiff's status as a contract worker is not a protected category under either statute, Plaintiff's allegations involve more than just his status as a contract employee; they also implicate retaliatory actions following Plaintiff's complaints regarding unsafe working conditions and inequitable treatment.

Dkt. No. 9, ¶ 38.

> Similarly, Daniel asserts that his
>
> complaints regarding unsafe working conditions and inequitable treatment as a contract worker are sufficient to qualify as protected activity. Complaints about unsafe working conditions are recognized as protected activity when they implicate discriminatory or retaliatory practices under Title VII. Plaintiff's concerns about hazardous working conditions and unfair treatment are directly related to retaliation, and therefore, his actions qualify as protected activity under both Title VII and the Texas Labor Code.

*Id.*, ¶ 31; *see also id.*, ¶¶ 34 & 35 ("The law requires only that Plaintiff show that he engaged in protected activity, suffered an adverse employment action, and that there is a causal connection between the two. Plaintiff has adequately alleged all three elements of a retaliation claim. Plaintiff raised concerns regarding workplace safety,

- 13 -

which constitutes protected activity. Defendant took an adverse action against Plaintiff by terminating him, and there is a clear causal connection between Plaintiff's complaints and his termination. The facts presented in the Petition clearly state a plausible claim for retaliation under both Title VII and the Texas Labor Code, and Plaintiff is entitled to proceed to discovery. Plaintiff's wrongful termination claim is also adequately pled. Like the retaliation claim, Plaintiff has shown that his termination was based on his engagement in protected activity. Plaintiff's complaints about unsafe working conditions and discriminatory treatment led to adverse employment action, and this causal connection supports his claim for wrongful termination. As with the retaliation claim, Plaintiff has met the necessary pleading standards under both Title VII and the Texas Labor Code to proceed with his wrongful termination claim.").

The undersigned cannot agree with Daniel that his alleged status as a contract employee who complained about unsafe working conditions and unequal treatment not based on a category protected by Title VII and Chapter 21 but instead "related to his position as a contract employee" is enough to plausibly plead disparate-treatment and retaliation claims under either statute.

Again, missing from Daniel's allegations are facts from which the Court may infer that an adverse employment action was "take against [him] because of a protected status." *Thomas*, 2024 WL 2874367, at *4 (cleaned up).

Neither Daniel's alleged status as a contract employee nor as a contract employee who complained about workplace safety counts as a statutorily-protected

status.

Daniel's retaliation claim similarly fails. While internal complaints may constitute a protected activity for purposes of a retaliation claim, such complaints must "oppose[ a] practice made unlawful by Title VII." *Ayorinde*, 121 F.4th at 507-08; *Brown*, 969 F.3d at 576-77 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 56 (2006) (quoting 42 U.S.C. § 2000e-3(a))); *see, e.g.*, *Rodriguez v. Wal-Mart Stores, Inc.*, 540 F. App'x 322, 328 (5th Cir. 2013) (per curiam) ("An employee that files an internal complaint of discrimination engages in a protected activity." (citing *Fierros v. Tex. Dep't of Health*, 274 F.3d 187, 194 (5th Cir. 2001))); *Walker v. Univ. of Tex. Med. Branch – Galveston*, No. 3:17-CV-00313, 2018 WL 3850827, at *4 (S.D. Tex. July 3, 2018) (noting that courts in this circuit "uniformly hold that an informal complaint must reference a discriminatory practice to constitute a protected activity" (citations omitted)), *rec. adopted*, 2018 WL 3844691 (S.D. Tex. Aug. 13, 2018); *cf. Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam) ("Magic words are not required, but protected opposition must at least alert an employer to the employee's reasonable belief that unlawful discrimination is at issue." (collecting cases)).

Complaining about workplace safety does not, without more, qualify as a protected activity.

II.    The Court should dismiss Daniel's remaining claims.

First, to the extent that Daniel brings a standalone claim under the Occupational Safety and Health Act (the "OSHA"), *see* Dkt. No. 1-1 at 18-20, ¶¶ 58-64, he fails to show that the OSHA provides a private right of action, *cf., e.g., Haddix*

*v. CentraSol, LLC*, No. 3:20-cv-1995-X-BT, 2021 WL 3476811, at \*3-\*4 (N.D. Tex. July 21, 2021) (concluding, the plaintiff's "disapproval of the statute notwithstanding, the Fifth Circuit has made clear that [29 U.S.C.] §§ 654 and 660(c) do not provide private causes of action," and, so, "the District Court should dismiss Haddix's §§ 654 and 660(c) claims with prejudice for failure to state a claim"), *rec. accepted*, 2021 WL 3475562 (N.D. Tex. Aug. 6, 2021).

As a claim made by a "private whistleblower," Daniel's standalone claim under the Texas Whistleblower Act (the "TWA"), *see* Dkt. No. 1-1 at 20-21, ¶¶ 65-71 (citing TEX. GOV'T CODE ANN. § 554.001 *et seq.*), should also be dismissed with prejudice. "There is no cause of action under the TWA for employees of private entities who report illegal activity, also known as private whistleblowing." *Reed v. Mgmt. & Training Corp.*, No. 3:02-cv-367-H, 2002 WL 1812092, at \*2 (N.D. Tex. Aug. 5, 2002) (citing *Thompson v. El Centro Del Barrio*, 905 S.W.2d 356, 359 (Tex. App. – San Antonio 1995, writ denied)); *cf. Austin v. HealthTrust, Inc. – The Hosp. Co.*, 967 S.W.2d 400, 401-02 (Tex. 1998) ("Rather than create a one-size-fits-all whistleblower statute, the Texas Legislature has instead opted to enact statutes that protect specific classes of employees from various types of retaliation. For example, section 554.002 of the Government Code protects public employees from retaliation for reporting, in good faith, the employing governmental entity's or fellow employees' violations of law to an appropriate law enforcement agency." (citation omitted)).

Daniel's breach-of-an-implied-contract claim, based on the employee handbook, also fails where "[a]s a general rule employee handbooks and policy

- 16 -

manuals constitute general guidelines in the employer/employee relationship and do not create implied contracts between the employer and employee." *Brown v. Sabre, Inc.*, 173 S.W.3d 581, 585-86 (Tex. App. – Fort Worth 2005, no pet.) (collecting cases); *Young-Trezant v. Lone Star Coll. Sys.*, No. 23-20551, 2024 WL 2794483, at *2 (5th Cir. May 31, 2024) (per curiam) ("Employer policies do not qualify as contracts, and their 'breaches' do not create causes of action under Texas law." (citing *Brown*, 173 S.W.3d at 585)).

"This is particularly true if the handbook contains a disclaimer." *Brown*, 173 S.W.3d at 586 (citation omitted); *compare McAllen Hosps., L.P. v. Lopez*, 576 S.W.3d 389, 396 (Tex. 2019) ("As we have previously held, an employee handbook that contains [ ] a disclaimer of contractual intent 'is not a contract.'" (quoting *In re 24R, Inc.*, 324 S.W.3d 564, 567 (Tex. 2010) (per curiam); citations omitted)), *with* Dkt. No. 8, Ex. B (Logoplaste's handbook containing such a disclaimer); *cf. Kaye*, 453 B.R. at 662 (under the applicable test the Court may consider the employee handbook excerpt filed with the motion to dismiss because the handbook is mentioned in the complaint and its terms are central to the Daniel's breach-of-implied-contract claim).

Last up, Daniel's IIED claim against his employer based on the same factual allegations that underly his statutory discrimination and retaliation claims also fails as a matter of law. *See, e.g., Stelly v. Duriso*, 982 F.3d 403, 408 (5th Cir. 2020) ("[A] plaintiff generally cannot sustain an IIED claim if the plaintiff could have brought a sexual harassment claim premised on the same facts: 'when the gravamen of the plaintiff's complaint is for sexual harassment, the plaintiff must proceed solely under

a statutory claim unless there are additional facts, unrelated to sexual harassment, to support an independent tort claim for intentional infliction of emotional distress.'" (quoting *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 441 (Tex. 2004))).

## Recommendation

The Court should grant Defendant Logoplaste Dallas LLC's motion to dismiss [Dkt. No. 6].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 30, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE