IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVEN DANIEL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-250-E |
| | § | |
| LOGOPLASTE, AND DOES 1-25 INCLUSIVE, | § | |
| | § | |
| | § | |
| Defendants. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. No objections were filed. The District Court reviewed the proposed findings, conclusions, and recommendation for plain error. Finding none, the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

Additionally, in Plaintiff's *Opposition to Defendant's Motion to Dismiss*, (ECF No. 9), he seeks leave to amend his complaint. (ECF No. 9 at 21). Notwithstanding a plaintiff's failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable, or the plaintiffs advise the court that they are willing or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp.2d 552, 567–68 (N.D. Tex. 2005) (citing *Great Plains Trust Co. v. Morgan Stanley Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

Nevertheless, courts may appropriately dismiss an action with prejudice if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). "A plaintiff has pleaded her best case after she is apprised of the insufficiency of her complaint." *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citing *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam) (internal quotation and citation omitted))). As explained by the Fifth Circuit:

> **A plaintiff may indicate she has not pleaded her best case by stating material facts that she would include in an amended complaint to overcome the deficiencies identified by the court.** *See Brewster*, 587 F.3d at 767–68. **Similarly, a district court need not grant a futile motion to amend.** *Legate*, 822 F.3d at 211 (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872–73 (5th Cir. 2000)). "Futility is determined under Rule 12(b)(6) standards, meaning an amendment is considered futile if it would fail to state a claim upon which relief could be granted." *Id.*

*Wiggins*, 710 F. App'x at 627 (emphasis added in bold). The Fifth Circuit has affirmed denials of leave to amend where it determined that the proposed amendment would be futile after analyzing the claims. *See Edoinwe v. Bailey*, 860 F.3d 287, 295 (5th Cir. 2017) (where the proposed amended complaint failed to state a claim under 42 U.S.C. § 1983). "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* Fed. R. Civ. P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295,

299 (D.C. Cir. 1993). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *Scott*, 16F.4th at 1209, (citing *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs "failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment")).

Here, Plaintiffs did not expressly request, with particularity, the request to amend their complaint. *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). Plaintiff's request for leave states:

> 72. Furthermore, Plaintiff requests that, should the Court find any minor deficiencies in the Petition, it grant Plaintiff the opportunity to amend and cure any such deficiencies, as there is no indication that amendment would be futile or cause undue delay. The claims presented by Plaintiff are not fatally flawed, and justice requires that Plaintiff be given the chance to fully pursue his claims.

(ECF No. 9 at 21). This "does not provide any indication of the grounds on which such an amendment should be permitted." *Willard*, 336 F.3d at 387. Northern District of Texas Local Rules 15.1(a) requires a party seeking leave to file an amended pleading to "attach a copy of the proposed amended pleading as an exhibit to the motion[.]" N.D. Tex. Loc. Civ. R. 15.1(a). Plaintiffs attached no amended pleadings to their request for leave. Further, the Court determines Plaintiffs' amendment would be futile. Plaintiffs filed their Amended Complaint in response to Defendant's original Motion to Dismiss. (ECF No. 4 and No. 7). However, in Plaintiffs' request for leave to

amend they do not state, "material facts that [they] would include in an amended complaint to overcome the deficiencies." *Brewster*, 587 F.3d at 767–68. For those reasons, the Court concludes permitting Plaintiffs "any [further] attempts at amendment would be futile." *See Wiggins*, 710 F. App'x at 627 (discussing the same); *Harris v. UnitedHealth Group, Inc. of Texas*, No. 3:23-CV-02486-E; 2024 WL 2734974 (N.D. Tex. May 28, 2024) (denying motion for leave to amend complaint). For those reasons, the Court denies Plaintiffs' embedded request for leave to amend. Accordingly, the Court **DISMISSES THE CASE WITH PREJUDICE**. The Court shall enter a separate final judgment as to the same.

SO ORDERED this 18th day of August, 2025.

_____
Ada Brown
UNITED STATES DISTRICT JUDGE